**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CORNELL L. EMANUEL,
DOC # 621168,**

      **Plaintiff,**

**vs.**                            **Case No. 4:25cv015-TKW-MAF**

**SALLY SMITH, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This case was initiated by the pro se Plaintiff who identified himself by his Department of Corrections inmate number - 0621168, but provided a different name. ECF No. 1 at 1, 2. He indicated he is currently incarcerated at Martin Correctional Institution, and that fact has been confirmed by the Court. *Id.* at 2. Plaintiff's complaint is brought against persons who are not employed by the Department of Corrections and are not located where Plaintiff is housed. *Id.* at 2-3.

Plaintiff did not pay the filing fee for this case nor did he submit an in forma pauperis motion with the required supporting financial affidavit.

Nevertheless, a cursory review has been made of Plaintiff's complaint, ECF No. 1, which reveals several reasons this case should be summarily dismissed.

First, under the local rules of this Court, a party who files "a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3.  This case has been opened, but cannot continue because Plaintiff did not comply with Rule 5.3.

Second, there is no need to wait for Plaintiff to file a motion requesting leave to proceed in forma pauperis.  Plaintiff's complaint acknowledges that Plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h) because he is incarcerated at Martin C.I.  A prisoner is entitled to in forma pauperis status only if the prisoner meets the qualifications of 28 U.S.C. § 1915(g) - that is, he has not brought "3 or more prior occasions" which were dismissed on the grounds that the complaint was "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Plaintiff partially identified three prior cases which were dismissed for the reasons listed in § 1915(g) which count as "strikes."   ECF No. 1 at 9. Although Plaintiff did not properly and clearly identify those cases, judicial notice is taken of Plaintiff's litigation history.

Plaintiff[1] filed case number 9:24cv80545-BB in the United States District Court for the Southern District of Florida.  The Order dismissing the case noted the complaint was "difficult to comprehend" and Plaintiff's handwriting was "mostly illegible."  ECF No. 4 at 1 of that case.  More importantly, the Order found Plaintiff's complaint was "frivolous" and it was dismissed on May 17, 2024.  *Id.* at 4.  That dismissal counts as a "strike."

Plaintiff also filed case number 8:23cv1842-MSS-SPF in the United States District Court for the Middle District of Florida.  The case was dismissed on September 28, 2023, because the complaint failed to state a claim and because Plaintiff' claims were barred by the statute of limitations. ECF No. 8 of that case.  Thus, that dismissal also counts as a "strike."

Plaintiff also filed case number 8:23cv02401-MSS-SPF in the United States District Court for the Middle District of Florida.  Plaintiff's complaint

---

[1] The Court has confirmed that the cases cited were filed by Plaintiff as the DOC inmate number is 621168 on all cases.

was dismissed because he did not "allege sufficient facts to state a claim," but Plaintiff was given an opportunity to submit an amended complaint. ECF No. 7.  When Plaintiff failed to do so and the time for amendment expired, the case was dismissed and the earlier Order, ECF No. 7, became the final judgment.  ECF No. 9 of that case.  Thus, because Plaintiff's complaint was dismissed for failure to state a claim, it counts as a "strike."

Finally, Plaintiff previously filed case number 8:16cv01201-VMC in the Middle District of Florida.  The case was summarily dismissed on May 18, 2016, because Plaintiff sought "monetary relief against a defendant who is immune from such relief; because his claims are barred by the statute of limitations; and because he is essentially seeking habeas corpus relief pursuant to 28 U.S.C. § 2254."  ECF No. 5 of that case.  The Court noted Plaintiff's claims against his public defender had "no merit" and his claims against the Pinellas County Sheriff's Department failed to state a claim and had "no merit."  *Id.* at 3-4.  That case also counts as a "strike" pursuant to 28 U.S.C. § 1915(g).

All of those cases were filed while Plaintiff was a "prisoner" and Plaintiff has four "strikes."  Therefore, Plaintiff is not entitled to proceed without paying the filing fee at the time of case initiation unless Plaintiff

Case No. 4:25cv015-TKW-MAF

alleges that he is "under imminent danger of serious physical injury."  28

U.S.C. § 1915(g).  Plaintiff's complaint, ECF No. 1, presents no such

allegations.  Indeed, Plaintiff's complaint is rambling and unintelligible.

ECF No. 1 at 5-6.  Plaintiff has not demonstrated imminent danger.

This case should be summarily dismissed without prejudice because

Plaintiff did not submit the filing fee at the same time the complaint was

submitted, and as a "three striker," Plaintiff is not entitled to belatedly pay

the filing fee.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002)

(holding that an action must be dismissed without prejudice when an

inmate who is subject to § 1915(g) does not pay the filing fee at the time he

initiates the suit).  "The prisoner cannot simply pay the filing fee after being

denied in forma pauperis status."  *Id.*

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED**

**without prejudice** to Plaintiff's refiling the action in the proper Court[2] if

Plaintiff simultaneously submits the $402.00 filing fee.  It is also

**RECOMMENDED** that the Order adopting this Report and

---

[2] Venue is not appropriate in this Court because none of the named Defendants are located within the Northern District of Florida,

Recommendation direct the Clerk of Court to note on the docket that this

cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on January 13, 2025.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**